YELVERTON, Judge.
Knowles C. Jones and a number of Lafayette policemen sued the city for a judgment declaring their entitlement to overtime pay, and for an accounting, covering the period three years before August 1, 1985. Additionally, their suit asked for a judgment declaring their right to statutory witness fees when appearing in criminal cases in state courts. The trial court rendered judgment declaring the plaintiffs not entitled to the relief sought, and the plaintiffs have appealed. We affirm.
We use the trial court’s description of the facts from its reasons for judgment:
“Prior to August 1, 1985, an officer receiving a subpoena to appear in Court on a day when he was ‘off duty’ would secure a slip from his supervisor certifying to that fact and then after his court appearance he would receive a witness fee from the Clerk of Court in accordance with R.S. 15:255. He would receive no pay from the City for that appearance. If the subpoena required his appearance on a day when he was required to work, he received no witness fee but the City paid his regular wages for that time. The practice was changed on and after August 1,1985. Since that time an officer receiving.a subpoena requiring him to appear at a time when he would normally be ‘off duty’ is considered by the City to be performing part of his regular duties by attending court as a witness and he is paid one and one-half times his usual hourly rate for the time he spends in court. If the subpoena requires his attendance during a regular ‘on duty’ work period he continues to draw his normal pay. In either case he does not get witness fees.”
One statute which bears upon a resolution of the dispute is LSA-R.S. 15:255 which, in pertinent part, presently reads as follows:
“A. (1) Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of twenty-five dollars for each day per case, but no more than fifty dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid pursuant to the provisions of R.S. 15:255(D)(1). This fee shall be provided to the law enforcement officer within sixty days from the date of appearance. This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, as amended.”
[[Image here]]
“B. The plan adopted for the payment of witness fees to law enforcement officers shall be applicable to all law enforcement officers alike and shall be paid for each day any law enforcement officer is required to be present and is present in one or more cases in such courts during his regular time off.”
R.S. 15:255(D)(1) provides that these witness fees shall be paid from costs of court in criminal cases. Subsection (E)(1) similarly provides for witness fees to off-duty law enforcement officers appearing in city courts. Subsection (F), added by Act 263 of 1986, provides that no law enforcement officer shall be eligible for a witness fee if he is paid by his employer for his time in court.
The other statute which bears upon a resolution of the present dispute is LSA-R.S. 33:2213. This statute provides for overtime pay for policemen at the rate of one and one-half times his usual salary for all overtime hours worked.
*674 THE ISSUES
As noted earlier, the date of August 1, 1985, is significant because, before that date, “off-duty” Lafayette officers making criminal court appearances as witnesses were paid witness fees but no wages. After August 1, 1985, those same “off-duty” appearances have earned overtime pay but no witness fees. August 1, 1985, is the effective date when the City of Lafayette changed its policy.
There is but one substantial issue raised by the plaintiffs, and that is, whether each officer should have received, and be receiving, both overtime and witness fees for every “off-duty” appearance as a witness in a criminal case, both before and after August 1, 1985. It is based on this contention that the plaintiffs seek an accounting for overtime not paid prior to August 1, 1985, and for witness fees not paid since that date.
Thus, the issue may be stated simply as whether R.S. 15:255 and R.S. 33:2213, as they apply to compensation of “off-duty” law enforcement officers who are required to make appearances in criminal cases (or juvenile cases) as witnesses in an official capacity, require the payment of both overtime and witness fees. In other words, in this narrow application are both these statutory provisions applicable, or are they mutually exclusive?
OPINION
We agree with the trial court. The wording of the statutes makes it clear that one is not applicable when the other one is. R.S. 15:255(A)(1), since its original enactment in 1966, has consistently defined “off-duty” time as “any time when such officer is otherwise not required to report to work or perform the duties of his office”. Subsection (B) makes the witness fee payable when the officer must be present “during his regular time off”. The statute likewise makes it clear that if the officer is paid by his employer for his time in court, either straight time in “on-duty” situations or time and a half for “off-duty” situations, the witness fee shall not be paid.
In late 1983 or early 1984, some of the plaintiffs in this case approached the City of Lafayette concerning overtime wage payments for all court appearances in excess of 40 hours. On August 1, 1985, the City of Lafayette implemented an overtime wage system. Officers testifying in criminal or juvenile court thereafter, who theretofore would have been considered “off-duty”, were paid overtime.
This change was probably in anticipation of a change in the law, because in 1986 in Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the United States Supreme Court held that municipalities henceforth would be generally subject to the minimum wage provisions of the Fair Labor Standards Act, overruling National League of Cities v. USERY, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), which had theretofore been the law and which had exempted municipalities from the minimum wage provisions. By means of Act 281 of 1986, the Louisiana Legislature amended R.S. 15:255 to provide that the witness fee would not be paid to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the Federal Fair Labor Standards Act, as amended.
Having concluded that R.S. 33:2213 and R.S. 15:255 are mutually exclusive as applied to the particular complaint in the present case, then there is no basis for arguing that the plaintiffs are entitled, as a matter of law, to overtime pay before August 1, 1985. The state legislature reserves plenary power to establish minimum wage rules for city police officers. Bradford v. City of Shreveport, 305 So.2d 487 (La.1974). There is no indication, however, in R.S. 33:2213 and R.S. 15:255 that the legislature intended that a municipality is powerless to define the circumstances under which a law enforcement officer is required to report to work or perform the duties of his office. The city’s policy before August 1, 1985, was that an otherwise “off-duty” law enforcement officer called to testify in a criminal or juvenile case was not “on-duty” (in the sense that he was *675 required to report to work or perform the duties of his office). Therefore, he was entitled to the witness fee of R.S. 15:255. After August 1,1985, however, the city has chosen to implement a policy that says that an officer who has to appear and testify in a criminal or juvenile case in his official capacity is reporting to work or performing the duties of his office, and entitled to overtime in the proper case. The trial judge summed it up as follows:
“R.S. 15:255A provides for the payment of witness fees to a law enforcement officer when he is required to appear as a witness in a criminal case or delinquency adjudication ‘... during any time he is not required to report to work or perform the duties of his office ... ’ However since August 1, 1985 a police officer in the City of Lafayette is considered to be performing part of his regular duties whenever he appears as a witness and is paid his wages accordingly, either regular time or overtime. Therefore the provisions of R.S. 15:255A are not applicable.
“Prior to August 1, 1985 a different situation existed. If the officer called as a witness was actually scheduled to report for work on the date he was to appear in court, he did not get a witness fee and was not entitled to such a fee under R.S. 15:255. On the other hand if at the time he was to appear he was not required to work or perform duties of his office, then he received a witness fee. Since he was not being required to work at his assigned duties and was receiving a witness fee for his court appearance, he was not entitled to overtime pay for his court appearance.”
We agree. The judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.